# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:14CV-P99-H

**DAVID LEWIS BENTON, SR.**                                                                  **PLAINTIFF**

**v.**

**CITY CORRECTION COMPLEX**                                                   **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff David Lewis Benton, Sr., filed this *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

### I.

Plaintiff filed the complaint on a general complaint form against City Correction Complex. Where asked to state the grounds for filing suit in federal court, Plaintiff states that he "was falsely charged twice by C.C.C. (City Correction Complex) intercepting court order of payments & court order allowing the plaintiff to attend school; lost residence and job." As his statement of the claim, Plaintiff states as follows:

> The plaintiff was frisked upon entering the C.C.C., after finishing school and work – The Plaintiff was addicted to ciggaretts & placed them in his shoes which were discovered before leaving the check room located in the entrance of the buldg. – No large amounts of cash or tobacco was found. #2 Again the Plaintiff was frisked when the Officer saw that ciggaretts were placed in a folder used for school, they were in plain sight and discovered in the check point, not on the floor housing individuals. *No large amount of money or tobacco was found. The plaintiff was charged twice with promoting contraband.

As relief, Plaintiff seek "an apology with the two charges removed from any and all records" and monetary damages.

Plaintiff subsequently filed an amended complaint. Where asked to state the grounds for filing this action in federal court, Plaintiff states, "City Corrections Complex falsely charged the Plaintiff twice with promoting contraband interupting previous court order. – Violation(s) of: 42 USC § 1983; 18 USC § 1038 & KRS. 367.170, 522.020 Amend #1 of US constitution." In the statement of the claim in the amended complaint, Plaintiff states, "The Plaintiff was addicted to tobacco at the time of incident which was told to the complaining official – No large amount of monies was confiscated from his person, but was accused of selling ciggaretts and charged." As relief in the amended complaint, he seeks "review of the complex's actions," an apology, and monetary damages.

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

### A. Federal claims

**18 U.S.C. § 1038**

Plaintiff cites 18 U.S.C. § 1038 as grounds for this lawsuit. Section 1038 of Title 18 of the United States Code is a federal statute pertaining to "False information and hoaxes." Subsection A of the statute sets forth a criminal violation for "conduct with intent to convey false or misleading information." However, as a private citizen, Plaintiff may not enforce the federal criminal code. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *Abner v. General Motors*, 103 F. App'x 563, 566 (6th Cir. 2004).

Subsection B of the statute provides for a civil action as follows:

> Whoever engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of chapter 2, 10, 11B, 39, 40, 44, 111, or 113B of this title [18 USCS §§ 31 et seq., 175 et seq., 229 et seq., 831 et seq., 841 et seq., 921 et seq., 2271 et seq., or 2331 et seq.], section 236 of the Atomic Energy Act of 1954 (42 U.S.C. 2284), or section 46502, the second sentence of section 46504, section 46505 (b)(3) or (c), section 46506 if homicide or attempted homicide is involved, or section 60123(b) of title 49 is liable in a civil action to any party incurring expenses incident to any emergency or investigative response to that conduct, for those expenses.

Plaintiff entirely fails to show how this statute applies to his allegations. Consequently, the claim under 18 U.S.C. § 1038 will be dismissed.

**42 U.S.C. § 1983**

The Court construes Plaintiff's claims as challenging his prison disciplinary action under the Due Process Clause. However, in *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), to prison administrative proceedings, holding that if an inmate's claim challenging prison disciplinary proceedings would "necessarily imply the invalidity of the punishment imposed[,]" the claim is

not cognizable in a civil action under § 1983. *Edwards v. Balisok*, 520 U.S. at 648. Furthermore, in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court reemphasized that "a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id*. at 81-82.

While Plaintiff's allegations concerning the disciplinary actions are vague, he asks that the charges be removed from his record. Therefore, the Court presumes that Plaintiff was found guilty of promoting contraband and the conviction was not overturned. A challenge to the disciplinary proceeding necessarily implies the invalidity of the proceeding, and the claim is barred.

Furthermore, while Plaintiff also cites the First Amendment, he does not state any factual allegations which support a First Amendment claim, and that claim will therefore be dismissed for failure to state claim.

Accordingly, Plaintiff's § 1983 claim will be dismissed for failure to state a claim.

**B.     State-law claims**

Because Plaintiff's federal claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over his state-law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

A separate Order dismissing the action will be entered consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendant
4412.010